UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 6:18-185-1 |
| VS. | : | JUDGE ZAINEY |
| DERRICK FELTON (01) | : | MAGISTRATE JUDGE HANNA |

## RULING AND REASONS

Before the Court is a "Motion in Limine" (Rec. 93). Defendant Derrick Felton moves for an order to instruct the attorney for the government and his/her representatives and witnesses to refrain from making any direct or indirect reference whatsoever at trial, of any other extraneous crimes or misconduct by the accused or other defense witnesses until the Court holds a hearing outside the presence of the jury. The purpose of the hearing would be to determine if the testimony is admissible: (1) for impeachment purposes pursuant to Federal Rules of Evidence Rule 609; (2) as an exception to Rule 404(b); or (3) pursuant to Rule 403.

In response, the government informs the Court that it intends to introduce Felton's two (2) prior felony drug convictions pursuant to Federal Rules of Evidence 404(b), and/or if the defendant testifies, pursuant to Rule 609. Attached to the government's response are minutes that reflect Felton's two (2) felony convictions as follows: (1) Possession of Cocaine with Intent to Distribute;[1] and (2) Possession with

---

[1] On August 21, 2000, Defendant was sentenced to five (5) years hard labor confinement with three (3) years suspended.

1

Intent to Distribute Schedule II Controlled Dangerous Substances.[2] The government requests that the Court allow the introduction of the two prior convictions both pursuant to Rule 404(b) and if the defendant chooses to testify, pursuant to Rule 609.

*The Instant Indictment*

Felton was indicted along with two other individuals for multiple drug trafficking crimes including conspiracy to distribute and possess with intent to distribute methamphetamine. The facts that led to the indictment involved three (3) suspicious packages that were shipped from Los Angeles, California to Lafayette, Louisiana. A United States Postal Service employee observed the suspicious packages and contacted law enforcement. After an alert was made by a drug detection K-9, a search warrant was obtained and executed.

The three (3) packages contained approximately eighteen pounds of methamphetamine. Felton's fingerprints were on cooking pans found inside the packages. After further investigation, law enforcement was able to determine through financial records that Felton had been in Los Angeles, California during the time of the shipment. The investigation further revealed that Felton's IP address was used to check on the progress of the packages.

*Rule 404(b)*

Rule 404(b) of the Federal Rules of Evidence provides the following:

**(b) Crimes, Wrongs, or Other Acts.**

**(1) Prohibited Uses.** Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order

---

[2] On April 28, 2003, Defendant was sentenced to twenty years hard labor confinement. The government seeks only to introduce evidence of the convictions Felton received, but not the sentences. (Rec. #107, p. 2, fn. 1.).

2

> to show that on a particular occasion the person acted in accordance with the character.
>
> **(2) Permitted Uses; Notice in a Criminal Case.** This evidence is admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:
>
>> **(A)** provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and
>>
>> **(B)** do so before trial - - or during trial if the court, for good cause, excuses lack of pretrial notice.

In cases in which the defendant is charged in a drug conspiracy, the mere entry of a not guilty plea raises the issue of intent to justify the admissibility of extrinsic offense evidence.[3] The government argues that because Felton has plead not guilty to the conspiracy to distribute drugs, the past felony convictions are admissible to establish intent and knowledge. To be admissible, extrinsic offense evidence must be "relevant to an issue other than the defendant's character."[4]

The standard used in the relevancy inquiry is whether the evidence has "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence."[5] The evidence must possess "probative value that is not substantially outweighed by its undue prejudice."[6] The balancing of probative value and unfair prejudice requires "a

---

[3] *United States v. Broussard*, 80 F.3d 1025, 1040 (5th Cir. 1996).
[4] *United States v. Crawley,* 533 F.3d 349, 353-54 (5th Cir.) *cert. denied*, 555 U.S. 1007, 129 S.Ct. 522 (2008); See *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc).
[5] *Id.* (quoting FED. R. EVID. 401).
[6] *Crawley*, 533 F.3d at 354 (quoting FED. R. EVID. 403).

commonsense assessment of all the circumstances surrounding the extrinsic offense."[7] "The probative value of the evidence, the [g]overnment's need for the evidence on the issue of intent, and the court's limiting instructions are all relevant."[8] The Fifth Circuit has found that proof of prior drug activities is typically more probative than prejudicial.[9] "[T]he amount of time that has passed since the previous conviction is not determinative."[10]

The government acknowledges that its evidence to prove Felton's guilt is primarily circumstantial, and the evidence it moves to introduce is extremely probative of Felton's knowledge of the contents of the packages as well as his intent to distribute the methamphetamine to others. Furthermore, the government has cited cases that have upheld admission of evidence pursuant to Rule 404(b) where the time-period in between the prior convictions and the offense was as long as fifteen (15) and eighteen (18) years.[11]

Felton's prior convictions were in 2000 and 2003. The last conviction resulted in a sentence of twenty (20) years of imprisonment and a February 4, 2015 release date. Thus, the government argues that Felton's prior convictions are not so remote as to negate their relevance and admissibility pursuant to 404(b).

The Court finds that because Felton has plead not guilty to the indictment,

---

[7] *Beechum*, 582 F.2d at 914.
[8] *United States v. Booker*, 334 F.3d 406, 411 (5th Cir 2003).
[9] *United States v. Harris*, 932 F.2d 1532, 1534 (5th Cir. 1991); citing *United States v. Stephenson*, 887 F.2d 57, 59 (5th Cir. 1989), *cert. denied*, 493 U.S. 1086, 110 S.Ct. 1151 (1990); *United States v. Henthorn*, 815 F.2d 304, 308 (5th Cir. 1987).
[10] *U.S. v. Arnold,* 467 F.3d 880, 885 (5th Cir. 2006).
[11] *See United States v. Hernandez-Guevara*, 162 F.3d 863 (5th Cir. 1998); *United States v. Chavez*, 119 F.3d 342 (5th Cir. 1997).

4

intent and knowledge are at issue. Thus, extrinsic evidence is relevant because it will lessen the likelihood that Felton was without knowledge of the charged offense. Furthermore, Felton's drug convictions are probative of the fact that he had the requisite intent and knowledge to participate in a drug trafficking operation. However, the Court finds that the 2000 conviction for possession of cocaine is too remote, and thus will be excluded except for impeachment purposes as discussed below. Finally, this Court can instruct the jury regarding the limited purpose for which it can consider the evidence.

*Rule 609*

Federal Rules of Evidence Rule 609(a)(1)(B) requires the admission of the prior conviction if the witness is the defendant and if the probative value of the evidence outweighs its prejudicial affect to that defendant. However, Rule 609(b) limits the use of evidence if more than ten (10) years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction will be admissible only if

> (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
>
> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.[12]

If the Court denies the admission of the prior convictions pursuant to Rule 404(b) and Felton decides to testify, the government requests that the Court

---

[12] Fed. R. Evid. 609(b).

determine if the evidence is admissible as impeachment evidence. That determination must be made after Felton has testified on direct examination primarily because the probative value of the prior convictions to impeach the defendant is, in part, tied to his testimony.[13]

The Court takes notice of the government's intent to introduce Felton's prior convictions as impeachment evidence if Felton chooses to testify. Accordingly, we will make that determination at the trial of the matter should it become necessary.

*Admissibility of Witnesses' Prior Convictions Pursuant to Rule 609*

The government does not oppose Felton's request that it inform the Court of its intent to impeach defense witnesses using prior convictions pursuant to Rule 609 or other extraneous crimes or misconduct, prior to their use during cross examination. Also, the government does not oppose Felton's request that no third party testify about the defendant's other criminal activity absent a ruling admitting the evidence. Accordingly, it is

**ORDERED** that the Motion in Limine (Rec. #93) filed by defendant Derrick Felton is **GRANTED** in part and **DENIED** in part. The motion is DENIED to the extent that Felton seeks to exclude extrinsic evidence of Felton's prior 2003 felony drug trafficking conviction for Possession with Intent to Distribute Schedule II Controlled Dangerous Substances pursuant to Federal Rule of Evidence 404(b); the motion is GRANTED to the extent that the 2000 conviction for Possession of Caocaine with Intent to Distribute will be excluded, but will be allowed for purposes of

---

[13] *United States v. Turner*, 960 F.2d 461, 465 (5th Cir. 1992).

impeachment. The motion is DENIED as to Felton's request to exclude extrinsic evidence regarding his two prior felony convictions if he chooses to testify; that determination will be made after Felton testifies, if he so chooses, upon proper motion by the government. The motion is GRANTED as to Felton's request that the government inform the Court of its intent to impeach defense witnesses with prior convictions pursuant to Federal Rule of Evidence Rule 609 prior to their use during cross examination, and that no third party shall testify about Felton's other criminal activity absent a ruling admitting the evidence.

IT IS FURTHER ORDERED that counsel will propose an admonition and jury charge with respect to the Rule 404(b) evidence admitted at trial.

**THUS DONE AND SIGNED** on this 15th day of February 2019.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE